**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

ROBERT IAN,

    Plaintiff,

v.

HALWA E. MCNAIR,

    Defendant.

1:21-cv-01341-NLH-AMD

**MEMORANDUM OPINION & ORDER**

**APPEARANCES:**

ROBERT IAN
3000 ATRIUM WAY SUITE 200
MOUNT LAUREL, NJ 08054

    Appearing *pro se*

**HILLMAN**, District Judge

    WHEREAS, on January 28, 2021, Plaintiff, Robert Ian, appearing *pro se*, filed a complaint against Defendant, Halwa E. McNair, claiming that McNair breached a contract and committed torts against Plaintiff "perpetually since 2012 through Wednesday January 20, 2021" resulting in $87,390.00 in damages, as well as extreme emotional and mental distress; and

    WHEREAS, on March 4, 2021, Plaintiff filed a "Motion For Summary Judgement for Defendant's Failure to Answer Complaint"[1];

---

[1] The Court notes that Plaintiff has not submitted proof of service of his complaint on Defendant. The Court further notes that Plaintiff's motion refers to "Federal Rule of Procedure 58 and this Court's Local Rule 7" and "Court Rule 12" (Docket No. 3

and

WHEREAS, federal courts have an independent obligation to address issues of subject matter jurisdiction sua sponte and may do so at any stage of the litigation, Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010); and

WHEREAS, on the form complaint provided by the Court for *pro se* plaintiffs, Plaintiff has checked the box for "Federal Questions," but in order to invoke federal question jurisdiction, Plaintiff must plead a violation of the U.S. Constitution or the laws of the United States, and he has failed to do so, see U.S. Const, Art III, Section 2 (providing that federal courts can hear "all cases, in law and equity, arising under this Constitution, [and] the laws of the United States . . . ."); 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); and

WHEREAS, instead Plaintiff has stated that his "federal question" is "Breach of Contract / Tort over $75,0000," which more appropriately invokes diversity jurisdiction, but if Plaintiff's case is premised on diversity of citizenship for state law claims, Plaintiff has failed to plead the citizenship

---

at 3-4), but none of those rules concerns a defendant's failure to appear in the action or governs a motion for summary judgment.  See Fed. R. Civ. P. 55 and 56.

2

of the parties as required on the form complaint, see 28 U.S.C. § 1332 (providing that a district court has jurisdiction over a matter based on the diversity of citizenship of the parties and an amount in controversy in excess of $75,000, exclusive of interests and costs); see also Docket No. 1 at 3); and

WHEREAS, if Plaintiff is a citizen of New Jersey and if Defendant is a citizen of New Jersey, as is suggested by the parties' addresses list on the complaint, then diversity of citizenship would be lacking; and

WHEREAS, Plaintiff has also failed to state a specific legal basis for his claims, which is necessary to establish subject matter jurisdiction, see Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction."); and

WHEREAS, *pro se* complaints must be construed liberally, and all reasonable latitude must be afforded the *pro se* litigant, Estelle v. Gamble, 429 U.S. 97, 107 (1976), but *pro se* litigants "must still plead the essential elements of [their] claim and [are] not excused from conforming to the standard rules of civil procedure," McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); Sykes v. Blockbuster

Video, 205 F. App'x 961, 963 (3d Cir. 2006) (finding that *pro se* plaintiffs are expected to comply with the Federal Rules of Civil Procedure); and

THEREFORE,

IT IS on this <u>  8th  </u> day of <u>  March  </u>, 2021

ORDERED that Plaintiff's "Motion For Summary Judgement for Defendant's Failure to Answer Complaint" [3] be, and the same hereby is, DENIED; and it is further

ORDERED that Plaintiff shall have twenty (20) days to amend his complaint to properly cure the deficiencies noted above. If Plaintiff fails to do so, this case will be dismissed for lack of subject matter jurisdiction.  See Fed. R. Civ. P. 12(h)(3).


At Camden, New Jersey
                                     s/ Noel L. Hillman
                                     NOEL L. HILLMAN, U.S.D.J.