UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ROBERT IAN,

        Plaintiff,

v.

HALWA E. MCNAIR,

        Defendant.

1:21-cv-01341-NLH-AMD

**MEMORANDUM OPINION & ORDER**

**APPEARANCES:**

ROBERT IAN
3000 ATRIUM WAY SUITE 200
MOUNT LAUREL, NJ 08054

    Appearing *pro se*

**HILLMAN**, District Judge

    WHEREAS, on January 28, 2021, Plaintiff, Robert Ian, appearing *pro se*, filed a complaint against Defendant, Halwa E. McNair, claiming that McNair breached a contract and committed torts against Plaintiff "perpetually since 2012 through Wednesday January 20, 2021" resulting in $87,390.00 in damages, as well as extreme emotional and mental distress; and

    WHEREAS, on March 8, 2021, the Court reviewed Plaintiff's complaint and found that it did not properly plead subject matter jurisdiction (Docket No. 4);[1] and

---

[1] Federal courts have an independent obligation to address issues of subject matter jurisdiction *sua sponte* and may do so at any

WHEREAS, the Court noted that on the form complaint provided by the Court for *pro se* plaintiffs, Plaintiff checked the box for "Federal Question," but in order to invoke federal question jurisdiction, 28 U.S.C. § 1331, Plaintiff must plead a violation of the U.S. Constitution or the laws of the United States, and he had failed to do so; and

WHEREAS, the Court further noted if Plaintiff's case was premised on diversity of citizenship for state law claims, Plaintiff failed to plead the citizenship of the parties as required on the form complaint, see 28 U.S.C. § 1332, and it also appeared that diversity of citizenship was lacking based on the parties' addresses listed on the complaint; and

WHEREAS, the Court provided Plaintiff with 20 days to cure the identified deficiencies, but stated that if Plaintiff failed to do so, the case would be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3); and

WHEREAS, on March 26, 2021, Plaintiff timely filed an amended complaint (Docket No. 5);[2] and

---

stage of the litigation. Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010).

[2] Plaintiff also filed a motion for summary judgment. (Docket No. 6.) Because the Court will dismiss Plaintiff's complaint for lack of subject matter jurisdiction, the Court will not consider Plaintiff's motion.

WHEREAS, Plaintiff's amended complaint again checks the box for federal question jurisdiction, and in the section, "If the Basis for Jurisdiction Is a Federal Question, List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case," Plaintiff lists the following:

    N.J.S.A 2A:39-2-5
    N.J.S.A 2A:35-1
    N.J.S.A 2A:39-8
    N.J.S.A 2A:15-5.9; 5.12
    as reference: N.J.S.A. 2A:18-61.1 et seq (sic)

(Docket No. 5 at 4); and

WHEREAS, the Court notes that the statutes listed by Plaintiff are New Jersey state statutes and not "federal statutes, federal treaties, and/or provisions of the United States Constitution"; and

WHEREAS, the Court further notes that if Plaintiff wishes to pursue state law claims against Defendant under 28 U.S.C. § 1332, diversity of citizenship, Plaintiff's amended complaint fails to list the citizenship of Plaintiff and Defendant, and it otherwise appears by the parties' addresses that they both reside in New Jersey and it is likely that they are both New Jersey citizens, rendering subject matter jurisdiction under § 1332 unavailable; and

WHEREAS, *pro se* complaints must be construed liberally, and

all reasonable latitude must be afforded the *pro se* litigant, Estelle v. Gamble, 429 U.S. 97, 107 (1976), but *pro se* litigants "must still plead the essential elements of [their] claim and [are] not excused from conforming to the standard rules of civil procedure," McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); Sykes v. Blockbuster Video, 205 F. App'x 961, 963 (3d Cir. 2006) (finding that *pro se* plaintiffs are expected to comply with the Federal Rules of Civil Procedure); and

WHEREAS, the Court finds that it would be futile to provide Plaintiff with a third opportunity to amend his complaint to properly establish this Court's subject matter jurisdiction over the matter, see Fed. R. Civ. P. 15(a)(2) (providing that the Court "should freely give leave [to file an amended complaint] when justice so requires"); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (providing that if there is undue delay, bad faith, dilatory motive, unfair prejudice, or futility, an amendment should not be granted);

THEREFORE,

IT IS on this ___29th___ day of ___March___, 2021

ORDERED that Plaintiff's amended complaint be, and the same

4

hereby is, DISMISSED for lack of subject matter jurisdiction; and it is further

ORDERED that the Clerk of the Court shall mark this matter as CLOSED.


At Camden, New Jersey                     s/ Noel L. Hillman
                                                       NOEL L. HILLMAN, U.S.D.J.